**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

ROSA BARAJAS, an individual,

    Plaintiff,
vs.

11 AUTO MOTORS, LLC, a Florida
limited liability company, and
WESTLAKE SERVICES, LLC, a
California limited liability company
d/b/a "Westlake Financial Services,"

    Defendants.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, Rosa Barajas, an individual, sues Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services:"

**GENERAL ALLEGATIONS**

***SYNOPSIS OF PROCEEDING***

1.    This lawsuit involves a used car dealership selling a working woman a used vehicle with a branded title and a tampered odometer without any semblance of compliance with federal and state consumer disclosure requirements.

2.    The Federal Odometer Act, 49 U.S.C. §32701 ("Odometer Act"), prohibits the disconnection, resetting or alteration of odometers with the intent to change the number of miles indicated thereon.  The law also requires that a written disclosure of the mileage registered on the

1

odometer be provided by the seller to the purchaser on the title to the vehicle when the ownership of the vehicle is transferred. If the odometer mileage is incorrect, the law requires a statement to that effect the buyer **before** the purchase by the buyer.

3. Odometer tampering is a significant criminal and consumer fraud issue in the United States. According to the National Highway Traffic Safety Administration ("NHTSA"), over 450,000 vehicles sold each year have false odometer readings, causing over One Billion Dollars ($1,000,000,000.00) of loss to American car buyers.

4. In South Florida, automobile dealerships are concealing the true mileage and history of wrecked vehicles to purloin profit. *See*, e.g., *"Car Buyer Cries Fraud After Discovering Odometer Has Been Rolled Back,"* Miami Herald, April 8, 2013 [article concerning aggrieved car purchaser who purchased a vehicle with 56,447 miles from dealership when the actual mileage for the vehicle was 187,677].

## *JURISDICTION*

5. This Court has jurisdiction under the Federal Odometer Act, formerly known as the "Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710 and 28 U.S.C. § 331 and 1337 and has supplemental jurisdiction over state claims under 28 U.S.C. §1367.

## *ALLEGATIONS AS TO PARTIES*

6. At all times material hereto, Plaintiff, Rosa Barajas ("Ms. Barajas"), was *sui juris* and a resident of Miami Beach, Florida.

7. At all times material hereto, Defendant, 11 Auto Motors, LLC ("11 Auto" or "Dealership") was a Florida limited liability company doing business at 8013 NW 66th Street, Miami, Florida 33166.

8. At all times material hereto, 11 Auto was a "dealer" as said term is defined under Florida Statute §320.77(1)(a).

9. At all times material hereto, Defendant, Westlake Services, LLC ("Westlake" or "Finance Company"), was a "sales finance company" as said term is defined under Fla. Stat. §520.02(19).

10. Pursuant to 16 C.F.R. §433, known more commonly as the "Federal Trade Commission Rule Regarding the Preservation of Consumer Claims and Defenses" or "FTC Holder Rule," Westlake is subject to all claims and defenses of Ms. Barajas as a consumer which are available against the credit-seller, to-wit: 11 Auto.

## FACTUAL ALLEGATIONS

### A. Purchase of Undisclosed Branded Car with Altered Odometer

12. In November 2021, Ms. Barajas was in the market for a reliable used late-model vehicle for her personal and household use.

13. Ms. Barajas saw a 2020 Chevrolet Sonic, VIN: 1G1JG6SBXL4120640 ("Vehicle" or "Chevrolet Sonic") at the Dealership.

14. As the Vehicle looked like a lower mileage vehicle in decent condition, Ms. Barajas agreed to purchase the Chevrolet Sonic.

16. The Dealership presented Ms. Barajas with various documents to purchase and finance the Chevrolet Sonic ("Purchase and Finance Documents"), including a document entitled "Retail Installment Contract" ("RISC").

17. A true and correct copy of the RISC is attached hereto and incorporated by

reference as Exhibit "A."

18.     Through the RISC, the Dealership made the following false representation as to the mileage of the Vehicle being 7,924 when it was offered for sale to Ms. Barajas:

| Description of Property | | | | | |
|---|---|---|---|---|---|
| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
| 2020 | Chevrolet | Sonic | Hatchback | 1G1JG6SBXL4120640 | 7924 |
| ☐ New | | | | Other: | |

("Mileage Representation")

19.     Pursuant to the RISC, the Dealership agreed to sell the Vehicle for the total purchase price of Twenty-One Thousand Forty-Seven and 40/100ths Dollars ($21,047.40) ("Purchase Price"), inclusive of fees and taxes, with Four Thousand Eight Hundred Dollars ($4,800.00) as a down payment ("Down Payment").

20.     As the Down Payment was a good part of the savings of Ms. Barajas, Ms. Barajas signed the RISC in reliance upon the representations of the mileage of the Chevrolet Sonic by the Dealership.

21.     The RISC provided that the RISC would be assigned to an outside finance company, Westlake.

22.     Sometime after consummation of the transaction to purchase the Chevrolet Sonic, the Dealership assigned the RISC to Westlake.

23.     After signing the RISC and Retail Buyer's Order (hereinafter collectively the "Purchase and Finance Documents"), Ms. Barajas left the Dealership with the Chevrolet Sonic in the belief that she had purchased a reliable and safe car for a fair price.

24.     Ms. Barajas was wrong.

### *B. Discovery that Vehicle had a Branded Title and Inaccurate Odometer*

25. On or about March 5, 2023, Ms. Barajas brought the Chevrolet Sonic to Lincoln of Coconut Creek dealership to obtain an appraisal in anticipation of a potential trade-in.

26. At the dealership, Ms. Barajas was informed that the Carfax Report for the Chevrolet Sonic showed that the odometer had been tampered with.

27. The Carfax Report disclosed the Chevrolet Sonic had a "*not actual mileage*" brand.

### *C. Investigation of Plaintiff*

28. On or about May 16, 2023, as part of her due diligence in learning about the now problematic vehicle that she purchased, Ms. Barajas through counsel obtained a copy of the title history for the Chevrolet Sonic from the Florida Department of Highway Safety and Motor Vehicles ("the Chevrolet Sonic Title History").

29. A true and correct copy of the Chevrolet Sonic Title History is attached hereto and incorporated herein by reference as Exhibit "B."

30. The Chevrolet Sonic Title History reflects that the Chevrolet Sonic odometer was inaccurate and "not actual."

31. The Chevrolet Sonic Title History reflects that the Dealership purchased the Chevrolet Sonic on October 15, 2021, with a "*not actual mileage*" reading ("Transfer Title").

32. The Transfer Title was not shown to Ms. Barajas at any time by the Dealership and Ms. Barajas did not execute same as transferee of the Chevrolet Sonic.

33. An unknown person forged the signature of Ms. Barajas on the reverse side of the Transfer Title.

34. To transfer title to the Chevrolet Sonic without showing the Transfer Title and its conspicuous brands to Ms. Barajas, the Dealership used an Application for Certificate of Title With/Without Registration (HSMV 8240) ("Title Application").

35. Through the Title Application, the Dealership made two inconsistent statements of the accuracy of the mileage reading for the Chevrolet Sonic:



36. The Title Application was signed by the Dealership under oath.

37. The handwritten destination that the odometer reading was "*not actual mileage*" was inserted by the Dealership without the knowledge of Ms. Barajas and after consummation of the transaction to purchase the Chevrolet Sonic.

## **COUNT I - ACTION FOR VIOLATION OF THE FEDERAL ODOMETER ACT**

38. This is an action for violation of the Federal Odometer Act, previously known as the "Federal Motor Vehicle Information and Cost Savings Act," 49 U.S.C. §32710, *et seq.,* ("Odometer Act" or "Act").

39. Ms. Barajas realleges and reaffirms the allegations contained in Paragraphs 1 through 37 above as if set forth hereat in full.

40. At all times material hereto, 11 Auto was a "dealer" as said term is defined under 49 U.S.C. §32702(2).

41. Pursuant to 49 U.S.C. §32703, a person may not *inter alia*:

    - disconnect, reset, alter or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;

    - with intent to defraud, operate a motor vehicle on a street, road, or highway if the person knows that the odometer of the vehicle is disconnected or not operating; or

    - conspire to violate 49 U.S.C. §§32703, 32704 or 32705 of the Act.

42. Pursuant to 49 U.S.C. §32704, a person may service, repair, or replace the odometer of a motor vehicle if the mileage registered by the odometer remains the same as before the service, repair, or replacement. If the mileage registered cannot remain the same -

    (1). a person shall adjust the odometer to read zero; and

    (2). the owner of the vehicle or agent of the owner shall attach written notice to the left door frame of the vehicle specifying the mileage before the service, repair or replacement and the date of service of service, repair, or replacement.

43. By information and belief, the odometer of the Vehicle was either tampered with or was replaced without compliance under the Act.

44. Pursuant to 49 U.S.C. § 32705, a motor vehicle the ownership of which is transferred may not be licensed for use in a state unless the transferee, in submitting an application to the state upon which the license will be issued, includes with the application the transferor's title and, if that title contains a blank space, must disclose the mileage at the time of a future transfer, a statement, signed and dated by the transferor under the Odometer Act.

45. Pursuant to 49 U.S.C. §32705(2)(A), a transferee may use a written power of

attorney for mileage disclosure required under the Odometer Act provided that said disclosure in compliance with the Regulations and state law.

46. A power of attorney may not be used to allow an individual entity to sign as both buyer and seller in confirming a federal odometer reading. If a power of attorney is used, an attorney in fact must sign in the name of the attorney in fact.

47. Defendant has violated the Act in that 11 Auto made a false statement to a transferee in violation of 49 U.S.C. §32705(a) and 49 C.F.R. §580.4. *See, Owens v. Samkle Automotive, Inc.*, 425 F.3d 1318 (11th Cir. 2005).

48. As a direct and proximate result of the above-described actions, 11 Auto violated the Act with the intent to defraud.

49. As a result of the violation of the Act, Defendants are liable to Ms. Barajas in an amount equal to three times actual damages or $10,000.00, whichever is greater, plus attorney's fees and costs pursuant to 49 U.S.C. §32710.

50. Ms. Barajas has retained the undersigned attorney and is obligated to pay said attorney a reasonable fee for his services.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," for statutory and actual damages, together with attorney's fees and costs pursuant to 49 U.S.C. §32710.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

51. This is an action for violation of Florida Statute §501.201, *et seq.,* known more

commonly as the "Florida Deceptive and Unfair Trade Practices Act" (the "DUTPA"), brought herein pursuant to the doctrine of pendent jurisdiction.

52. Ms. Barajas realleges and reaffirms the allegations contained in Paragraphs 1 through 37 above as if set forth hereat in full.

### *General Allegations as to DUTPA*

53. At all times material hereto, Ms. Barajas was an "interested party or person" as said term is defined under Fla. Stat. §501.203(6).

54. By virtue of the acts described above, Defendant was engaged in "trade or commerce" as said terms are defined under Fla. Stat. §501.203(8).

### *Violation of the Florida Motor Vehicle Dealer License Act*

55. During the course of the sale and financing of the Vehicle, Defendant violated the requirements of Fla. Stat Chapter 320, known more commonly as the "Florida Motor Vehicle Licenses Act," in the following respects:

    (a). By misrepresenting or making false, deceptive, or misleading statements with regard to the sale of the Vehicle in violation of Fla. Stat. §320.27(b)3; and

    (b). By perpetrating any fraud upon Ms. Barajas in connection with the sale of the Vehicle in violation of Fla. Stat. §320.27(9)(b)13.

### *Violation of DUTPA as to Auto Dealership*

56. At all times material hereto, Ms. Barajas was a "customer" as said term is defined under Fla. Stat. §501.975(1).

57. At all times material hereto, 11 Auto was a "dealer" as said term is defined under Fla. Stat. §501.975(2).

58. At all times material hereto, the Vehicle was a "vehicle" as defined under Fla. Stat. §501.975(5).

59. During the course of the sale and financing of the Vehicle, the Dealership violated the requirements of the DUTPA by:

(a). representing the previous usage or status of the Vehicle to be something that it was not, or made usage or status representations unless Defendant had correct information regarding the history of the Vehicle to support the representations, in contravention of Fla. Stat. §501.976(3);

(b). representing the general condition of the Vehicle unless known by the Defendant to be true and supportable by material fact, in contravention of Fla. Stat. §501.976(4); and

(c). providing an express or implied warranty and fail to honor such warranty unless properly disclaimed pursuant to subsection Fla. Stat. §501.976(6).

\*           \*           \*

60. As more particularly described above, Defendant has engaged in unfair methods of competition, unconscionable acts or practices, and unfair and deceptive acts or practices in the conduct of trade or commerce in violation of Fla. Stat. §501.204(1).

61. Pursuant to Fla. Stat. §501.211, Ms. Barajas is entitled to obtain a declaratory judgment that the acts and practices of Defendant under the DUTPA and to enjoin Defendant from further violations of the DUTPA.

62. It is in the interest of protection of consumers that the Defendant be prohibited and proscribed from further violations of the DUTPA as described above.

63. As a direct and proximate result of the violation of the DUTPA, Ms. Barajas has been damaged and is an aggrieved person.

64. Ms. Barajas has retained the undersigned law office to represent her interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," for:

A. Compensatory damages;

B. Declaratory relief against Defendant adjudicating that the actions of Defendant described above constitute violations of the DUTPA;

C. Injunctive relief against Defendant proscribing Defendant from further violations of the DUTPA as described herein; and

D. Attorney's fees and court costs pursuant to Fla. Stat. §501.2105.

## COUNT III - ACTION FOR FRAUD

65. This is an action for fraud brought pursuant to the doctrine of pendent jurisdiction.

66. Ms. Barajas realleges and reaffirms the allegations contained in Paragraph 1 through 37 above as if set forth hereat in full.

67. As more fully described above, Defendant misrepresented material facts concerning the sale of the Vehicle.

68. Defendant knew that the representations set forth above were false or made such representations recklessly, and Defendant had no reasonable grounds for believing those representations to be true.

11

69. Defendant knew that the above representations and omissions concerning the purchase of the Vehicle were material and important.

70. Defendant intended to deceive Ms. Barajas, who relied upon the misrepresentations and omission to her detriment.

71. As a direct and proximate result of the fraud and non-disclosures by Defendant, the actual and economic damages of Ms. Barajas include but are not limited to the cost of repairs and the diminution in value of the Vehicle as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment for damages against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," together with interest and costs.

## COUNT IV - ACTION FOR NEGLIGENT MISREPRESENTATION

72. This is an action for negligent misrepresentation brought pursuant to the doctrine of pendent jurisdiction.

73. Ms. Barajas realleges and reaffirms the allegations contained in Paragraph 1 through 37 above as if set forth hereat in full.

74. As more particularly described above, Defendant misrepresented and failed to disclose material facts concerning the sale of the Vehicle.

75. Defendant believed the above statements to be true and to be complete, but which were in fact false and incomplete.

76. Defendant was negligent in making the statements and omissions concerning the

sale of the Vehicle. Defendant should have known that the statements were false.

77. Defendant, in making the statements concerning the sale of the Vehicle, intended that Ms. Barajas rely upon said statements.

78. As a direct and proximate result of the negligent misrepresentation of the Defendant, the actual and economic damages of Ms. Barajas include but are not limited but are not limited to the cost of repairs and the diminution in value of the Vehicle as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment for damages against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," together with interest and costs.

## COUNT V- ACTION FOR FRAUDULENT INDUCEMENT

79. This is an action for fraudulent inducement brought pursuant to the doctrine of pendent jurisdiction.

80. Ms. Barajas realleges and reaffirms the allegations contained in Paragraph 1 through 37 above as if set forth hereat in full.

81. As more particularly described above, Defendant induced Ms. Barajas into signing the Purchase and Finance Documents by knowingly making misrepresentations of material fact and omitting material facts with the intent that Ms. Barajas rely on them to her detriment.

82. Defendant's misrepresentations of material fact and omissions of material fact were made and omitted with the intent that Ms. Barajas rely on them or be deceived by them to her detriment.

83. Ms. Barajas justifiably relied upon the misrepresentations to her detriment and further, had Ms. Barajas been advised of the truth, Ms. Barajas would not have entered into the Purchase and Finance Documents.

84. As a result of the fraud and deceit by Defendant, the actual and economic damages of Ms. Barajas include but are not limited to the cost of repairs and the diminution in value of the Vehicle as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment for damages against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," together with interest and costs.

## COUNT VI- ACTION FOR BREACH OF EXPRESS WARRANTIES

85. This is an action for breach of express warranty brought pursuant to the doctrine of pendent jurisdiction.

86. Ms. Barajas realleges and reaffirms the allegations contained in Paragraph 1 through 37 above as if set forth hereat in full.

87. From the various statements by 11 Auto, 11 Auto made express warranties pursuant to Fla. Stat. §672.313, the Uniform Commercial Code ("UCC") by both affirmation of fact or promise and by description of goods that:

- that the Vehicle had a clean, unimpaired, and unbranded title ("Title Warranty"); and

- that the Vehicle had mileage of 7,924 ("Mileage Warranty").

88. As shown by the title records and other evidence, 11 Auto has breached the Title

14

Warranty and Express Milage Warranty (collectively, "Express Warranties").

89. As a direct and proximate result of the breach of the Express Warranties, Ms. Barajas has been damaged. The actual and economic damages of Ms. Barajas include but are not necessarily limited to the cost of repairs and the diminution in value of the Vehicle as a result of it having an inaccurate odometer and branded title.

90. Ms. Barajas has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment for damages against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," together with interest and costs.

## COUNT VII- ACTION FOR BREACH OF
## IMPLIED WARRANTY OF MERCHANTABILITY

91. This is an action for breach of implied warranty of merchantability brought pursuant to the doctrine of pendent jurisdiction.

92. Ms. Barajas realleges and reaffirms the allegations contained in Paragraph 1 through 37 above as if set forth hereat in full.

93. Pursuant to Fla. Stat. §672.314(1), the Uniform Commercial Code ("UCC"), a warranty existed with respect to the sale of the Vehicle that same would be merchantable is implied in contract.

94. Pursuant to Fla. Stat. §672.314(2), UCC, the Vehicle was not merchantable as it would not pass without objection into trade under the contract description and was not fit for the

ordinary purpose for which the vehicle was to be used.

95. As a direct and proximate result of the breach of the implied warranty of merchantability, Ms. Barajas has been damaged. The actual and economic damages of Ms. Barajas include but are not necessarily limited to the cost of repairs and the diminution in value of the Vehicle as a result of it having an inaccurate odometer and branded title.

96. Ms. Barajas has performed all conditions precedent to the filing of the instant action.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment for damages against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," together with interest and costs.

### COUNT VIII- BREACH OF STATUTORY DUTY OF GOOD FAITH
### (UNIFORM COMMERCIAL CODE)

91. This is an action for breach of the statutory duty of good faith brought pursuant to the doctrine of pendant jurisdiction.

92. Ms. Barajas realleges and reaffirms the allegations contained in Paragraphs 1 through 37 above as if set forth hereat in full.

93. Pursuant to Fla. Stat. §671.106 (2), any right or obligation declared by the UCC is enforceable by action unless the provision declaring it specifies a different and limited effect.

94. As a direct and proximate result of the breach of statutory duty of good faith by the Dealership, Ms. Barajas has been damaged. The actual and economic damages of Ms. Barajas include but are not necessarily limited to the cost of repairs and the diminution in value of the

Vehicle as a result of it having an inaccurate odometer and branded title.

WHEREFORE, Plaintiff, Rosa Barajas, an individual, demands judgment for damages against Defendants, 11 Auto Motors, LLC, a Florida limited liability company, and Westlake Services, LLC, a California limited liability company doing business as "Westlake Financial Services," together with interest.

## DEMAND FOR JURY TRIAL

Plaintiff, Rosa Barajas, pursuant to Rule 38(b), Federal Rules of Civil Procedure, demands a trial by jury of all issues so triable.

/s/   *Robert W. Murphy*
Robert W. Murphy
Florida Bar No. 717223
440 Premier Circle, Suite 240
Charlottesville, VA 22901
T: (434) 328-3100
F: (434) 328-3101
rwmurphy@lawfirmmurphy.com